EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* BENIGNO DíAZ, acusado y apelante.

No. 2897.—*Visto:* Noviembre 23, 1926. *Resuelto:* Diciembre 21, 1926.

DOMINGO—CIERRE DE ESTABLECIMIENTOS—PROCESOS POR VIOLACIÓN A LA LEY DEL CIERRE—TRABAJO PARA EVITAR PELIGRO O PÉRDIDAS.—Cuando una persona, en domingo, utiliza los servicios de varios empleados y la prueba toda tiende a demostrar que el acusado hubiera sufrido considerables pérdidas si no realizaba tal trabajo en dicho día—aparentemente la primera oportunidad para evitar pérdidas—no infringe el artículo 553 del Código Penal tal como quedó enmendado por la Ley No. 18 de 1925 (p. 137).

SENTENCIA de *Gabriel Castejón*, J. (Humacao), condenando al acusado por infracción al artículo 533 del Código Penal según fué enmendado por la Ley No. 18 de 1925 (p. 137). *Revocada.*

*Antonio L. López*, abogado del apelante; *José E. Figueras*, abogado de *El Pueblo*, apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Se acusó a Benigno Díaz de infracción a la ley del cierre porque un Domingo utilizó los servicios de varios em-

pleados para que le hicieran cierto trabajo. Se alegó en la denuncia que el trabajo realizado no era urgente o necesario y que no se efectuó para evitar peligro o pérdidas considerables, que son los casos excepcionales establecidos por la Ley No. 18 de mayo 20 de 1925.

Sin embargo, la prueba de ambas partes tendió fuertemente a demostrar que Benigno Díaz habría sufrido considerables pérdidas si no hubiera cuidado su tabaco el Domingo mencionado en la denuncia. La semana anterior había sido lluviosa, y el Domingo referido era aparentemente la primera oportunidad que se le presentaba para evitar pérdidas.

A nuestro juicio, éste es más bien un caso de insuficiencia de prueba que de conflicto de evidencia.

*La sentencia apelada debe ser revocada.*

El Juez Asociado Sr. Hutchison no tomó parte en la resolución de este caso.